UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUDY WISELY,

    Plaintiff,

v.                                                 Case No.  8:05-cv-1659-T-24 MAP

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

This cause comes before the Court on its own.  In order for this Court to have diversity subject matter jurisdiction over this case, the parties must be from different states (which they are) and the amount in controversy must exceed $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  The Court directed the parties to brief the issue of this Court's subject matter jurisdiction, specifically, the amount in controversy.  (Doc. No. 28).  In addressing the issue, Plaintiff argued that the Court lacked subject matter jurisdiction, because the amount in controversy does not exceed $50,000.  (Doc. No. 29).  Defendant, on the other hand, argues that the amount in controversy exceeds $75,000.  (Doc. No. 31).  The Court addressed this issue at the preliminary pretrial conference that was held on August 1, 2006.

**I.  Background**

This case involves an insurance claim for a car accident.  Specifically, Defendant Allstate Insurance Company ("Allstate") insured Lance Leff, and his policy provided UM/UIM coverage in the amount of $50,000 per person and $100,000 per accident.  Plaintiff Judy Wisely was a passenger in Leff's car while it was insured by Allstate.  While Plaintiff was a passenger in Leff's car, an under-insured driver rear-ended Leff's car, causing Plaintiff personal injury.

The under-insured driver offered to tender his bodily injury limits of $30,000 to Plaintiff. As a result, Allstate contends that it is not liable to Plaintiff for an additional $50,000 (the total amount of the UM/UIM coverage per person under Mr. Leff's policy); instead, Allstate contends that the under-insured driver's payment should be subtracted from the $50,000 of UM/UIM coverage that is potentially payable to Plaintiff under Mr. Leff's policy. Plaintiff states in her complaint that because Allstate refuses to agree that she has the potential to obtain $50,000 from Allstate under Mr. Leff's policy, Plaintiff filed the instant declaratory action in which she requests that the Court declare the rights of the parties under Mr. Leff's insurance policy with Allstate and determine the amount of coverage available to her under that policy. Additionally, Plaintiff requests attorneys' fees pursuant to Florida Statute § 627.428, which provides for a reasonable attorney fee to be awarded to a prevailing plaintiff in a suit against an insurer.

## II. Subject Matter Jurisdiction

Plaintiff filed her complaint in state court, and Allstate removed this case, alleging diversity jurisdiction. Allstate has the burden of establishing that diversity jurisdiction exists, since Allstate removed the case. When a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. See Miedema v. Maytag Corp., 450 F.3d 1322, 1330 (11th Cir. 2006). "For amount in controversy purposes, the value of . . . declaratory relief is the 'value of the object of the litigation' measured from the plaintiff's perspective." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268 (11th Cir. 2000)(quoting Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc., 120 F.3d 216, 218-20 (11th Cir. 1997)).

Allstate contends that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Specifically, Allstate contends that the amount in controversy equals $80,000 (the $50,000 that Plaintiff is seeking from Allstate under Mr. Leff's insurance policy, plus the $30,000 tendered by the under-insured driver), plus Plaintiff's attorneys' fees.  The Court, however, rejects this argument.

The Court finds that the amount in controversy is, at most, $50,000.  In the complaint, Plaintiff requests that the Court declare the rights of the parties under Mr. Leff's insurance policy with Allstate and determine the amount of coverage available to her under that policy.  The maximum available to Plaintiff under Mr. Leff's insurance policy with Allstate is $50,000.

Furthermore, the Court finds that Allstate's reliance on Plaintiff's demand for attorneys' fees does not raise the amount in controversy above the jurisdictional threshold.  The Court notes that it "may consider a demand for attorney's fees in determining the amount in controversy when the attorney's fees are allowable by applicable state law."  Jackson v. American General Financial Services, Inc., 2006 WL 997614, at *2 (M.D. Ga. April 17, 2006)(citation omitted).  "However, the allegation of attorney's fees must be specific in order for a defendant to meet the burden of proof upon removal."  Id. (citation omitted)  "A defendant, for example, can provide the district court with affidavits containing the possible range of attorney's fees that are recoverable in the case."  Id.  (citation omitted).

In the instant case, Allstate has not put forth any evidence from which a specific amount of attorneys' fees can be ascertained.  Therefore, if the Court were to consider Plaintiff's demand for attorneys' fees in calculating the amount in controversy, the amount assigned to Plaintiff's demand for attorneys' fees would be based on pure speculation, since the Court has no way of

3

determining the amount of attorneys' fees. Accordingly, the Court will not consider Plaintiff's demand for attorneys' fees when determining the amount in controversy.

### III. Conclusion

For these reasons, the Court finds that the amount in controversy does not exceed $75,000, and as such, this Court lacks subject matter jurisdiction over the case. Accordingly, it is ORDERED AND ADJUDGED that:

(1) The Clerk is directed to remand this case back to state court; and

(2) The Clerk is directed to terminate all pending motions and to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 1st day of August, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record